FOSTER v. TANENBAUM.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

1. WITNESS—CROSS-EXAMINATION.
    It was not an abuse of discretion to restrict the cross-examination of the witness, where all the questions excluded had been answered several times.
2. SAME—REDIRECT EXAMINATION.
    A witness, on cross-examination, testified that one S. called on him on defendant's behalf, and that he told S. that he was not in the market for a certain kind of property; such statement having been drawn out for the purpose of affecting the witness' credibility. *Held*, that it was incompetent for plaintiff, on redirect examination, to ask the witness whether or not he was actually in the market, and to explain why he had made such statement to S.
3. TRIAL—EVIDENCE—OBJECTIONS WAIVED.
    After a question by defendant which was not objected to had been answered, plaintiff moved to strike it out. Defendant objected to an offer of the court to allow plaintiff an exception to the question, whereupon the court struck the answer out, and told defendant that he could ask the question again, and the court would admit it, it having been stricken out

merely to allow plaintiff to make a timely objection to the question. Defendant excepted to the action of the court, and refused to repeat the question. *Held*, that defendant waived any objection to striking out the testimony.

Appeal from circuit court, New York county.

Action by Myer Foster against Leon Tanenbaum to recover damages for the breach of a contract between plaintiff and defendant, whereby defendant agreed that, if plaintiff would inform him of certain real estate on Broadway, in the city of New York, that could be purchased, and the price of it, and would also procure a lessee for such premises when sold, defendant would pay plaintiff one-half of any commissions that defendant might earn on procuring a purchaser, and on renting the premises to lessees procured by plaintiff. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

B. F. Einstein, for appellant.
Philip S. Dean, for respondent.

INGRAHAM, J. The question in this case was one of fact, submitted to the jury upon a charge of the court to which the defendant raises no objection upon this appeal, and upon which the jury rendered a verdict for the plaintiff. The only grounds upon which we are asked to reverse this judgment are exceptions by the defendant to rulings upon questions of evidence. Most of these objections related to the limiting by the court of the cross-examination by defendant's counsel of certain witnesses sworn in behalf of the plaintiff. We have examined these exceptions, and do not think that any of them require us to reverse the judgment.

The principal objections and exceptions of the defendant are presented upon the cross-examination of Jacob Vogel, a witness called by the plaintiff. He testified, on the trial, to an interview between the plaintiff and the defendant and himself, when the plaintiff introduced the witness to the defendant, stating to him: "Here are my parties. I am in this. Now I have done my share. Now I leave you." Whereupon plaintiff left, and the witness and his brother remained, and had a conversation with the defendant which resulted in the transaction being carried out from which defendant realized the commission, half of which plaintiff seeks to recover. On cross-examination, the witness was asked about the interview that he subsequently had with the defendant, and testified to his recollection as to those interviews. He swore that he could not say what the conversation was, exactly, but could give the substance of it, which he proceeded to do. This was an interview that took place after the transaction had been consummated, and it was stated by the defendant's counsel that he intended to see if he could not bring out some conversation between the defendant and the witness to show that the witness had a hostile feeling towards the defendant. There was considerable conversation between the court

and the defendant's counsel, in which the court expressly stated to defendant's counsel: "You may prove they had a difficulty; but antecedent to that, no." The counsel for the defendant then asked several questions having relation to this interview about which the witness had testified upon the cross-examination, the questions being solely for the purpose of impeaching the witness, and showing that he had a bias or prejudice against the defendant.

It is well settled that the extent of a cross-examination, and the method by which it should be conducted, are largely in the discretion of the trial court, and a court, on appeal, has no right to review that discretion, unless it has been abused. In this case the witness was asked the details of this conversation, and had given them, so far as he remembered, at the request of the defendant's counsel; and we think it was within the discretion of the trial court to restrict the defendant's counsel, in his examination of the witness, as to what took place at those interviews. As before stated, the witness had stated his recollection of what took place at the interviews in question; and, after these questions were excluded, he was again allowed to answer the question as to whether he had a conversation with defendant in which the defendant charged the witness with having made misrepresentations, at the time he entered into the lease, concerning the amount that he was worth, to which the witness stated he did not remember ever having had a conversation with him in regard to making a misstatement, or anything of the sort. And the witness also said that he did not remember that the defendant said to him that he had made a misstatement concerning what he was worth. All of these questions that had been excluded appear to have been answered several times, and a consideration of the whole testimony, with the questions excluded, satisfies us that there was no abuse of the discretion vested in the court regulating the cross-examination of the witness.

There was also an objection to a question asked Mr. Louis Vogel, another witness called on behalf of the plaintiff: "Were you then in the market?" This question was asked, on redirect examination, by plaintiff's counsel; and on cross-examination the witness had testified that a Mr. Strauss called on him on behalf of the defendant, and that he (the witness) had told Strauss that he was not in the market. It was entirely incompetent for the plaintiff, on redirect examination, to ask whether or not he was actually in the market for a place on Broadway between Thirty-Third and Thirty-Fourth streets at that time, and to explain why he had made the statement to Strauss, the statement having been drawn out on cross-examination by defendant's counsel for the purpose of affecting the credibility of the witness.

We do not think that the exception by the defendant to the striking out of certain questions and answers by the court is available. After the question was answered, the counsel for the plaintiff moved to strike it out, he not having objected to the question. The court offered to allow the plaintiff an exception to the question, and to allow the answer to stand, and to that counsel for the defendant objected, whereupon the court struck the answer out, notifying the

defendant's counsel that he could ask the question again, and the court would admit it, it having been stricken out merely for the purpose of allowing the plaintiff to make a timely objection to the question.    To that the counsel for the defendant excepted, and refused to repeat the question.    This was a mere matter of procedure upon the trial, and was within the power of the court; and the defendant, having refused to ask the question again, waived any objection to striking the testimony out as it stood.    The court expressly stated to the counsel for the defendant that he could ask the question again, and that the court would allow it; and the defendant, having refused to avail himself of this permission, cannot now urge his objection or exception to the striking out of the testimony. The testimony was not very material, and we cannot see that it would have had any effect upon the verdict if it had been allowed to stand.

We have examined the other objections to the testimony, and think that none of them are material, or call for any extended examination.    No error has been called to our attention, by the defendant, of sufficient importance to justify us in reversing the judgment.    We think, therefore, the judgment should be affirmed, with costs.    All concur.